# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BILLIE S. TURNER, WIDOW OF
ALLEN TURNER, DECEASED
Claimant Below, Petitioner**

**vs.)   No. 15-0427** (BOR Appeal No. 2050162)
(Claim No. 2013015662)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,
Commissioner Below, Respondent**

**and**

**NATIONAL COAL MINING COMPANY,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Billie S. Turner, widow of Allen Turner, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Dawn E. George, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 15, 2015, in which the Board affirmed a December 12, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 18, 2013, decision which denied dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Turner was sixty-four years old and a coal miner for twenty-seven years. He did have exposure to a dust hazard. Mr. Turner passed away on March 21, 2012. His widow, Mrs. Turner, applied for dependent's benefits alleging that her husband suffered from occupational pneumoconiosis, which materially contributed to his death. The claims administrator denied Mrs. Turner's request on October 18, 2013.

Mr. Turner was admitted to treatment facilities numerous times prior to his death. A March 5, 2007, discharge summary from Appalachian Regional Healthcare indicated Mr. Turner was admitted due to respiratory distress. He complained of wheezing and a cough and was dyspneic upon examination. His lung examination revealed bibasilar crackles with scattered rhonchi and blood gas results showed severe hypoxemia. Mr. Turner's blood glucose was 266. The final diagnoses were acute exacerbation of chronic obstructive pulmonary disease, hypertension, and uncontrolled diabetes mellitus. Mr. Turner was discharged home with medications and oxygen. On March 6, 2007, a discharge summary from Appalachian Regional Healthcare listed the admitting diagnosis as a history of vomiting blood at home with no past history of similar problems. Mr. Turner underwent an esophagogastroduodenoscopy with topical anesthesia. The final diagnosis was significant esophageal varices as well as gastric varices that appeared to be bleeding. There was no evidence of bleeding from the stomach, duodenum, or pylorus. As a result, Mr. Turner was transferred to St. Francis Hospital where he underwent an esophagogastroduodenoscopy with banding. The results showed Grade-4 varices and cirrhotic gastropathy. Six bands were applied. The final diagnoses were cirrhosis of the liver, gastrointestinal bleed, portal hypertension with esophageal varices, cerebrovascular accident, and diabetes mellitus. Mr. Turner was discharged in stable condition.

On March 23, 2007, Mr. Turner underwent another esophagogastroduodenoscopy. The post-operative diagnosis was resolution of active bleeding from the esophageal varices. Most of the esophageal varices had subsided except one on the right lateral wall of the esophagus. No significant gastric varices and no other pathology were seen in the stomach. An August 15, 2007, discharge summary from Appalachian Regional Healthcare stated that Mr. Turner was admitted for severe breathlessness, wheezing, cough with thick mucoid expectoration, nausea, and vomiting. He was dyspneic upon examination and his lungs revealed bibasilar crackles with scattered rhonchi. The final diagnoses were acute gastroenteritis, acute exacerbation of chronic obstructive pulmonary disease, history of hypertension, diabetes mellitus, cirrhosis of the liver, portal hypertension, and ascites.

On September 13, 2007, a history and physical examination report from Saint Francis Hospital stated that Mr. Turner was seen for complaints of hematemesis. It was noted that he was getting ready to eat breakfast when he suddenly felt sick to his stomach and vomited about two tablespoons of bright red blood mixed with blood clots. He felt dizzy but did not pass out. He was seen in the emergency room and referred for further evaluation. The assessment was hematemesis; renal insufficiency likely secondary to prerenal azotemia and diuretic use; massive ascites; cirrhosis of the liver likely secondary to alcoholic liver disease; chronic microcytic anemia secondary to a gastrointestinal bleed; uncontrolled type II diabetes mellitus, insulin dependent; hypertension; and chronic obstructive lung disease. He underwent a paracentesis.

2

A September 17, 2007, CT of the abdomen from Saint Francis Hospital revealed bibasilar atelectasis and abnormal liver with changes compatible with chronic liver disease. There were also mild diffuse retroperitoneal inflammatory changes of uncertain clinical significance, diverticulosis without diverticulitis, a right renal cyst, and splenomgaly. The following day, Mr. Turner underwent an esophagogastroduodenoscopy with banding of multiple varices in the distal esophagus and proximal stomach as well as attempted paracentesis. The procedure was aborted because of insufficient acetic fluid. The final diagnoses were acute variceal bleed, anemia, cirrhosis of the liver, suspected hepatocellular carcinoma, and uncontrolled type 2 diabetes mellitus. Mr. Turner was discharged home in stable condition. On October 19, 2007, he underwent another esophagogastroduodenoscopy with banding.

A January 23, 2009, operative report from Saint Francis Hospital showed that the decedent again underwent esopbagogastroduodenoscopy with biopsy and banding. From January 23, 2009, through October 24, 2011, records from Saint Francis Hospital and SVI Laboratories showed that Mr. Turner had microcytic iron deficiency anemia, likely from a slow upper gastrointestinal bleed from esophageal varices; massive ascites with cirrhosis; chronic obstructive pulmonary disease with mild exacerbation and chronic hypoxia; and poorly controlled diabetes.

Emergency room records from Thomas Memorial Hospital from July 1, 2010, through January 17, 2012, show that Mr. Turner was seen on July 1, 2010, with complaints of rectal bleeding of moderate degree. It was noted that he had similar symptoms once previously. The impression was lower gastrointestinal bleed, uncontrolled type II diabetes, and severe hyperglycemia. He was admitted for treatment. On September 25, 2010, Mr. Turner presented with complaints of dyspnea and cirrhosis, which he noted began several days prior and were getting worse. He stated it was moderate, worsened by walking, and improved with rest. He also stated that he had noticed increased abdominal girth, tension, and lower leg edema, which was a chronic condition. He was admitted to the hospital for treatment. The impression was dyspnea, chronic cirrhosis, ascites of unknown etiology, and anemia. On January 16, 2012, he presented with moderately low hemoglobin and complained of fatigue and weakness. The impression was abnormal serum liver function test, anemia, and cirrhosis. He was instructed to follow-up in the emergency room as needed. Mr. Turner underwent paracentesis eighteen times between June 28, 2011, and March 12, 2012. He had two additional esophagogastroduodenoscopies with banding on August 15, 2011, and October 11, 2011. Mr. Turner passed away on March 21, 2012. The death summary from Williamson Memorial lists the cause of death as cardiopulmonary arrest.

On September 17, 2014, members of the Occupational Pneumoconiosis Board were called to testify before the Office of Judges. Jack Kinder, M.D., testified on behalf of the Board that Mr. Turner suffered from nonalcoholic steatohepatitis, which is a form of liver disease most commonly due to diabetes or a high carbohydrate diet. He had esophageal varices and was diagnosed with cirrhosis of the liver. Dr. Kinder stated that Mr. Turner was found unresponsive at his home in cardiac arrest. He received a code blue and subsequently passed away during that event. Dr. Kinder found that Mr. Turner's medical records did not show that a diagnosis of occupational pneumoconiosis was ever made either by x-ray or pathology. Dr. Kinder found that

3

he died as a result of liver disease and that occupational pneumoconiosis played no role in his death. Bradley Henry, M.D., concurred with Dr. Kinder's analysis.

The Office of Judges agreed with the opinion of the Occupational Pneumoconiosis Board that occupational pneumoconiosis did not materially contribute to Mr. Turner's death. As a result, the Office of Judges entered an Order on December 12, 2014, affirming the claims administrator's decision to deny dependent's benefits. The Office of Judges examined the standard in *Fenton Art Glass Co. v. West Virginia Office of the Insurance Commissioner*, 222 W.Va. 420, 664 S.E.2d 761 (2008), which held that in the absence of any evidence showing the Occupational Pneumoconiosis Board's findings to be clearly wrong, the Occupational Pneumoconiosis Board's findings must be affirmed. The Office of Judges determined that there was not enough evidence to show that the Occupational Pneumoconiosis Board's opinion was clearly wrong.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. Pursuant to *Bradford v. Workers' Compensation Commissioner*, 185 W.Va. 434, 408 S.E.2d 13 (1991), the standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. The Occupational Pneumoconiosis Board determined that Mr. Turner did not suffer from occupational pneumoconiosis. Because there was not sufficient evidence submitted to refute the opinion of the Occupational Pneumoconiosis Board, it was not in error for the Office of Judges and Board of Review to adopt its findings.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II